## G. C. HOWARD v. ENOS SMEDLEY.

140      81
19 SC 504
140      81
35 SC 1291
140    81
41SC 256

APPEAL BY PLAINTIFF FROM THE COURT OF COMMON PLEAS NO. 3 OF PHILADELPHIA COUNTY.

Argued January 28, 1891—Decided February 16, 1891.

(*a*) Plaintiff entered into a contract to erect for the defendant an elevator for the hotel of the latter, agreeing that if it did not answer, according to the proposals made, he would take it out at his own expense, and that payment should be made when it was "in running order satisfactory to" the defendant:

1. The plaintiff's testimony, in an action to recover the price, showing that the elevator when in operation was not in running order satisfactory to the defendant, and that the latter's objections did not arise out of mere caprice, it was not error to enter a peremptory nonsuit: Singerly v. Thayer, 108 Pa. 291.

Before PAXSON, C. J., GREEN, CLARK, WILLIAMS, MC-COLLUM and MITCHELL, JJ.

No. 207 July Term 1890, Sup. Ct.; court below, No. 767 December Term 1888, C. P. No. 3.

Statement of Facts.

On January 28, 1889, George C. Howard brought assumpsit against Enos Smedley. Issue.

At the trial on October 16, 1889, the testimony on the part of the plaintiff was to the effect that on August 9, 1888, he entered into a written contract to erect for the defendant, the owner of the Windsor Hotel, leased to one Moore, a certain kind of elevator for said hotel to be operated by water pressure from a steam cylinder, in accordance with certain specifications; the contract, in the shape of a proposal by the plaintiff accepted by the defendant, containing the following provisions:

"I further agree that if my horizontal cylinder direct hydraulic elevator does not answer as per above agreement, then I will take it out at my own expense. . . . . Payments to be made when the elevator is in running order satisfactory to Mr. Moore or Mr. Smedley."

On the examination of the plaintiff, it was made to appear that, after the elevator was put in operation, complaint was made that it did not run smoothly, and caused so much noise that it disturbed the guests of the hotel; that plaintiff's men visited the hotel several times a week "to correct it and prove that it would run without noise;" that his men were sent for to start it whenever any trouble occurred; that the elevator was connected with a forty-horse power boiler, and afterwards changed to a fifteen-horse power boiler temporarily; that after it had been in use for four months, it was removed on notice from the defendant; the plaintiff testifying: "Mr. Moore made complaints. I corrected them. I understood my men to say that the complaints were made almost daily during the four months." The plaintiff, after so testifying, offered to prove "that the faults complained of, in this machine, were due to a want of ordinary care and attention on the part of those having charge of the machine, which the nature of said machine required for its proper operation." Objection being made, the offer was overruled; exception.[1]

The plaintiff then rested; whereupon, on motion of the defendant, the court directed a judgment of nonsuit to be entered, with leave, etc. A rule to take off the judgment having been discharged by the court in banc, the plaintiff took this appeal, specifying that the court erred:

1. In refusing the plaintiff's offer.[1]

2. In entering the judgment of nonsuit.[2]

*Mr. A. Lewis Smith*, for the appellant.

Counsel cited: Sidney School Fur. Co. v. School D., 130 Pa. 76; Seeley v. Welles, 120 Pa. 69.

*Mr. Edward C. McCollin* (with him *Mr. Joseph R. Rhoads*), for the appellee.

Counsel cited: Singerly v. Thayer, 108 Pa. 291; Krum v. Mersher, 116 Pa. 26.

PER CURIAM:

We think this case is ruled by Singerly v. Thayer, 108 Pa. 291. The contract for the elevator contained this clause: "I further agree that if my horizontal cylinder direct hydraulic elevator does not answer as per above agreement, then I will take it out at my own expense." The plaintiff further agreed that payment should be made "when the elevator is in running order satisfactory to Mr. Moore or Mr. Smedley." The evidence showed that it was not in satisfactory running order to Mr. Smedley, although various efforts were made by plaintiff at various times, covering several months, to put it in such order. The fact that such efforts were required to be made is evidence that it did not work satisfactorily, and that the defendant's objections were not founded upon "mere caprice." The plaintiff's contention, however, was that, if the defendant was not satisfied, he ought to have been; that it was connected with a fifteen-horse power boiler, instead of an eighty-horse power boiler; and that the faults complained of "were due to a want of ordinary care and attention on the part of those having charge of the machine, which the nature of the said machine required for its proper operation." But, for anything that appears, the defendant may have wanted an elevator that could be operated by a fifteen-horse power engine, and by boys or green hands in its management. It is not customary in hotels and places of business to employ engineers to manage an elevator; on the contrary, they are usually so constructed that a boy can do so with slight instruction. When the plaintiff agreed that it was not to be paid for until it was in "running order satisfactory to Mr. Smedley," he submitted that question to

the defendant's judgment, and, as there is nothing to show caprice in its exercise, we think the plaintiff was bound by it.

Judgment affirmed.