## Delahunty Dyeing Machine Company *v.* Pennsylvania Knitting Mills, Appellant.

*Sale—Contract—Goods satisfactory to purchaser.*

When an agreement is to make and furnish a machine to the satisfaction of the person for whom it is to be made, it is not a compliance with the contract to prove that he ought to have been satisfied. It is not a question as to whether the machine can be made to work in a way that is satisfactory to the seller when it is operated by his own employees, but whether on a fair and reasonable trial by competent operators, it is satisfactory to the buyer at the place he desires to use it.

In an action to recover the price of dye machines, where it appears that

the machines were to be tested by the defendant and returned if found unsatisfactory, an affidavit of defense is sufficient which avers that the defendant by its employees skilled in the business of dyeing and of long experience therein made trial of said machines which did not prove satisfactory in the matter of expense, of power, steam, dye, labor and finish of products, and that plaintiff was notified to remove the machines after trial within sixty days.

Argued Nov. 13, 1901. Appeal, No. 192, Oct. T., 1901, by defendant, from order of C. P. Berks Co., May T., 1901, No. 33, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Delahunty Dyeing Machine Company v. Pennsylvania Knitting Mills of Reading. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Assumpsit for price of two dye machines.

The material averments of the statement and affidavit of defense are quoted in the opinion of the Superior Court.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*Charles H. Tyson*, with him *Sherman H. Hoverter*, for appellants, cited: In re North Whitehall Twp., 47 Pa. 161; Brennan's Est., 65 Pa. 18; Reiter v. Fruh, 150 Pa. 625; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 295; Dexter v. Powell, 14 Pa. Superior Ct. 166; Fritz v. Hathaway, 135 Pa. 280; Singerly v. Thayer, 108 Pa. 291; Krum v. Mersher, 116 Pa. 26; Seeley v. Welles, 120 Pa. 69; Howard v. Smedley, 140 Pa. 83; Adams Radiator & Boiler Works v. Schnader, 155 Pa. 394; Knerr v. Bradley, 105 Pa. 193; Lord v. Ocean Bank, 20 Pa. 387.

*Isaac Hiester*, with him *Charles H. Schaeffer*, for appellee, cited: Sidney School Furniture Co. v. Warsaw School District, 130 Pa. 76; Mendenhall v. Mendenhall, 12 Pa. Superior Ct. 295.

OPINION BY ORLADY, J., March 14, 1902:

A judgment was entered against the defendant for want of a sufficient affidavit of defense on a claim in the language of the statement—for "two dye machines of the plaintiff to be had and used on trial by the defendant; it, the defendant,

promised the plaintiff to try the same within sixty days and then to return the same to the plaintiff if found unsatisfactory after reasonable trial as aforesaid or to pay the plaintiff nine hundred dollars for the same."

The affidavit of defense alleged that the defendant " by its employees skilled in said business of dyeing and of long experience therein made trial of said machines which did not prove satisfactory," and enumerated six distinct objections to the machines. In the statement it is averred that " in response to defendants' invitation the plaintiff sent its representative to the defendants' dye house to demonstrate the efficiency of said machines and the defendants refused to permit the plaintiffs' representative to operate the said machines or to give the proper methods of their operation or to allow any proper trial of said machines and did not make reasonable trial of said machines ; " which is answered in the affidavit and supplemental affidavit by the statement that no invitation to send a representative had been authorized by the defendants and when a representative did appear without any authorized invitation he was informed " that he could only use the goods and dye upon promising to pay for whatever he spoiled in testing and running the machines, as the defendants had already lost considerable goods and the dye therefor in testing the machines. The said representative then asked the superintendent to give him a lot of goods and dye to run the machines, but the superintendent told said representative that he was not authorized to give goods to him or anyone." The affidavit avers : That said machines were given as thorough a test and trial as the defendants knew how to give and were found to be wholly unsatisfactory to the defendants in the matter of expense, of power, steam, dye, labor, and finish of product, and the plaintiff was notified to remove the machines after trial within sixty days.

The machines were delivered to be tried or tested within sixty days and if found unsatisfactory after a reasonable trial were to be returned. They were guaranteed to do first class work and were to be erected and removed at the plaintiff's expense if not satisfactory to the defendant. The main question to be determined from the pleadings is whether it is sufficiently alleged that they were given a reasonable trial within sixty

days, and found unsatisfactory for a reason which is good in law. There is a direct and responsive averment—which is to be treated as verity—that the trial or test was made by skillful operatives of long experience in the business and, if true, the objections stated are sufficient to warrant the rejection of the machines.

They were to be satisfactory to the defendants and there was no provision for their operation by the plaintiffs' employees. The affidavit avers a very common sense and businesslike condition to the use of the defendants' supplies in the experiment of trying the machines by plaintiffs' representative. It is not anywhere in this record intimated that the test as made by the defendants was not a fair one by capable persons, even if the case could be narrowed to so close a line.

When the agreement is to make and furnish an article to the satisfaction of the person for whom it is to be made, it is not a compliance with the contract to prove that he ought to have been satisfied. The defendant was to test and use it. No other person could intelligently determine whether in every respect he was satisfied therewith : Singerly v. Thayer, 108 Pa. 291. It is not a question as to whether the machine can be made to work in a way that is satisfactory to the seller when it is operated by his own employees, but whether, after a fair and reasonable trial by competent operatives, it is satisfactory to the buyer at the place he desires to use it. If the affidavit is to be believed it is not for a judge or a jury to say that the buyer should have been satisfied or that the machine would probably do what the seller claims for it; his contract was, that he, the defendant, was to be satisfied, and the plaintiffs must perform their contract in this particular : Adams Radiator Boiler Works v. Schnader, 155 Pa. 394. If he wanted a machine that was satisfactory to himself, not to other people, and contracted in this form, upon what principle should he be bound to accept one that he expressly disapproved of? Seeley v. Welles, 120 Pa. 69. This doctrine is held in many cases : Krum v. Mersher, 116 Pa. 17 ; Howard v. Smedley, 140 Pa. 81 ; Kennedy v. Poor, 151 Pa. 473.

The affidavit is to be taken as true : Bryson v. Trustees, 168 Pa. 357, and it clearly makes out a sufficient defense to prevent judgment on this record.

The judgment is reversed with a procedendo.