## Meacham v. Gardner, Appellant.

*Contract—Custom—Variance between contract and custom—Evidence.*

Where the rights of parties are fixed by a written contract, and the question at issue is in reference to a compliance with its terms, it is manifest error to permit the jury to be led away from the real questions at issue by evidence of a custom, said to prevail in a certain locality, but not referred to in the contract.

*Contract—Building contract—Satisfaction of owner.*

Where a contractor undertakes to perform the work of constructing a building to the entire satisfaction of the owner, the burden rests upon him to do this, and an honest, reasonable objection by the owner, if sustained by the evidence, is a sufficient defense to the action.

*Contract—Rescission—Election.*

Where a party injured by the stoppage of a contract elects to rescind it,

he cannot recover any damages for a breach of contract either for outlay, or loss of profit; he recovers the value of his services actually performed as upon a quantum meruit.

Argued Oct. 6, 1904.   Appeal, No. 27, Oct. T., 1904, by defendant, from judgment of C. P. No. 1, Phila. Co., March T., 1902, No. 3870, on verdict for plaintiff in case of Edward C. Meacham v. Benjamin D. Gardner.   Before RICE, P. J., BEAVER, SMITH, PORTER and MORRISON, JJ.   Reversed.

Assumpsit to recover a balance alleged to be due upon a building contract.   Before BEITLER, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $482.60.   Defendant appealed.

*Errors assigned* were the rulings on evidence and the various instructions quoted at length in the opinion of the Superior Court.

*A. W. Horton,* for appellant.—The plaintiff was not entitled to recover in this action in which his declaration shows that he sought to recover damages for breach of contract, including the estimated profits he would have earned upon the unperformed part of the contract: American Life Ins. Co. v. McAden, 109 Pa. 399; United States v. Behan, 110 U. S. 338 (4 Sup. Ct. Repr. 81).

An express contract, such as existed in this case, excluded evidence of usage: Stoever v. Witman, 6 Binn. 416; Greenleaf on Evidence, sec. 293; Bolton v. Wilson, 1 Watts, 360; Brown v. Foster, 113 Mass. 136; Bryant v. Stilwell, 24 Pa. 314; Smyth v. Ward, 46 Iowa, 339; Hartje v. Collins, 46 Pa. 268.

*Meredith Hanna,* with him *Charles S. Langstroth,* and *James H. Langstroth,* for appellee.—The plaintiff was entitled to recover in this action, in which his declaration shows that he sought to recover damages for breach of contract, including the estimated profits he would have earned upon the unper-

formed part of the contract: Easton v. Jones, 193 Pa. 147; American Life Ins. Co. v. McAden, 109 Pa. 399.

In admitting evidence to show the custom or usage of the trade, the learned judge in no way concluded the defendant from making a defense: Phila. v. Stewart, 201 Pa. 526.

OPINION BY MORRISON, J., March 14, 1905:

The defendant was engaged in the erection of sixteen dwelling houses and on September 28, 1901, entered into a written contract with the plaintiff to " do all the work pertaining to the bricklaying and also to furnish all mortar and color " for $5.00 per thousand, " 10 % being retained to insure the faithful performance of the contract, until entire completion of same." The contract also provided that " all of said work must be first class in every respect and the opinion of the said party of the first part (defendant here) as to the quality of the work and the speed with which it is to be carried on, is to be final." The contract further provided : " It is agreed that all of the material furnished and work done under the contract must be entirely satisfactory to said party of first part."

The plaintiff did not complete his contract but claimed the right to rescind it because the defendant did not make the payments as provided therein, and on notice to the defendant that he elected to rescind the contract, this suit was brought and by his declaration filed, the plaintiff claimed the right to recover a balance due for work done and material furnished, and also profits which he alleged he would have earned if he had completed the contract. The sole ground relied upon by the plaintiff for rescinding the contract was the failure of the defendant to make the payments as often as they fell due. He recovered a verdict for $482.60 and judgment being entered thereon the defendant appealed.

The important questions in the case were : (1) Did the plaintiff in good faith comply with his contract up to a certain stage of the work, and was he entitled to rescind on account of the default of the defendant and to recover the full contract price for his work and material to that date ? (2) Was the plaintiff entitled to recover the profits which he could have made by completing the contract ?. It will be thus seen that the questions for trial were narrowed down to the rights of the parties

under a special written contract, and a proper determination of these questions depended largely upon the findings of the jury upon the evidence referred to them by the court.

The learned counsel for the plaintiff saw fit to submit seventeen written points, all of which were read to the jury and answered by the learned court; a careful examination of these points, and the charge of the court, leads us to the conclusion that the case was well tried on the part of the court, with the exception of the submission to the jury of evidence as to the custom prevailing in Philadelphia as to the acceptance of walls as they are built, and the question of damages for the profits which the plaintiff might have made by completing the contract. These questions are raised by the first and fourteenth assignments of error, and the ninth and seventeenth also bear upon the same questions.

The first assignment is: The court below erred in overruling the objection of counsel for the defendant to the following question propounded to Benjamin F. Walker, a witness called by the plaintiff in rebuttal:

Mr. Hanna: " Q. What, if anything, in your knowledge is the custom of builders as to acceptance of walls as they are built?"

Objected to as having been covered in chief; also on the ground that the work is under special contract.

The Court: I suppose it provides that the work shall be a first-class, workmanlike job, or something of that sort.

Objection overruled. Exception for defendant.

" A. When the carpenters put the joists in the walls and continue on up with them they are considered accepted."

The Court (page 182): I understand you to mean that if a man uses it by putting his joists on it, he has accepted it, whether he says he accepts it or not. That is the same as saying, if you buy an overcoat of a tailor and put it on and wear it, you have accepted it. You cannot say it does n't fit or is not right.

In view of the fact that the rights of the parties were to be measured by a written contract between them and the facts in evidence in regard to the actions of the parties in regard thereto, we are not able to justify the court in the admission of this testimony. Moreover, we regard the comments of the learned

judge in likening this transaction to an overcoat bought of a tailor as peculiarly unfortunate and erroneous. Where the rights of parties are fixed by a written contract and the question at issue is in reference to a compliance with its terms, it is manifest error to permit the jury to be led away from the real questions at issue by evidence of a custom, said to prevail in a certain locality, but not referred to in the contract: Hartje et al. v. Collins, 46 Pa. 268. In that case Mr. Justice THOMPSON said (p. 274) : "So, too, it was error to receive evidence of a general custom on the subject of paying freight to the carrier on delivery of goods, because the parties had made their own contract, and it was susceptible of easy explanation, and needed no aid from custom, and could not be controlled by it."

As long ago as in 1814, Chief Justice TILGHMAN, in Stoever v. Whitman, 6 Binney, 416, said (p. 419) : "The defendant who claimed under a re-entry and sale by the proprietors of the town of Lebanon, for a forfeiture incurred by the nonpayment of rent, offered to give evidence of a custom in the said town, to proceed in the same course which the proprietors had taken in this instance. This evidence the court rejected, and I think very properly. Miserable will be our condition if property is to depend, not on the contract of the parties, expounded by established principles of law, but on what is called the custom of particular places, so that we may have different law in every town and village of the commonwealth."

In 1 Greenleaf on Evidence, sec. 294, it is said: "But, in all cases of this sort, the rule for admitting the evidence of usage or custom must be taken with this qualification, that the evidence be not repugnant to, or inconsistent with, the contract; for otherwise it would not go to interpret and explain, but to contradict that which is written."

In the case under consideration the important question was not to be controlled by a custom in Philadelphia. The plaintiff had agreed to do the work and furnish the material in accordance with a plainly written contract and it was to be furnished and performed to the entire satisfaction of the defendant and his decision was to be final. Hence, the questions for determination were the quality of the material and the work of the plaintiff, and the conduct and acts of the defendant in the premises and these were questions which should have gone to

the jury on evidence tending to sustain the respective theories of the parties. Of course it cannot be contended that the defendant could arbitrarily refuse to be satisfied with the plaintiff's work and material and the jury would have the right to find, on competent evidence, that the defendant either had by his declarations and acts, accepted of and approved the work and material, or that it was of such a character that it was his duty to have accepted it. That is, was he in fact satisfied and was his objection unreasonable and capricious? And on the other hand, the jury could find, if the evidence warranted it, that the work and material, or either, was not of such a character or quality as to require the defendant to accept the same and pay therefor. But the jury should not have been permitted to find any of these facts upon a custom, which if it existed, had no bearing on the contract between these parties.

The law in regard to the construction of buildings is quite different from the rule given by the court as to a coat purchased from a tailor. In Bryant v. Stilwell, 24 Pa. 314, Mr. Justice BLACK said (p. 319): " The court gave some weight to the fact that the defendant is occupying the house. We do not think this increases his obligation to pay for the building, if it was badly put up. A house is not like a portable article which can be thrown back on the hands of the manufacturer." See also Ketterer Mfg. Co. v. Brewing Co., 22 Pa. Superior Ct. 210, and cases there cited.

Under the peculiar conditions of the contract the work and material was to be satisfactory to the defendant and we will not be understood as holding that the jury could find that the defendant ought to have been satisfied, if his objection was bona fide and not a mere caprice. The plaintiff undertook to perform the work to the entire satisfaction of the defendant and the burden rested upon him to do this and an honest, reasonable objection by the defendant, if sustained by the evidence, was a sufficient defense to the action: Singerly v. Thayer, 108 Pa. 291; Delahunty Dyeing Mach. Co. v. Penna. Knitting Mills, 19 Pa. Superior Ct. 501.

We do not sustain the second, third, fourth, fifth, sixth, seventh and eighth assignments of error. The ninth assignment is as follows: " If the jury believe the evidence offered on behalf of the plaintiff, they will find that Gardner was sat-

isfied with work done by Meacham at the time it was done. A. I affirm that point." We think it was error to unqualifiedly affirm this point. The court ought to have refused it, or qualified it by instructing the jury to consider all of the evidence, bearing upon the question, and determine from it whether or not Gardner was satisfied with the work, or ought to have been so satisfied. That is, was he in fact satisfied and was his objection unreasonable and capricious? The tenth, eleventh, twelfth, thirteenth, fifteenth and sixteenth assignments are not sustained. The seventeenth assignment is sustained. We do not think the court should have said to the jury: "That is to say, if Mr. Gardner's actions and words at that time indicated that the job was satisfactory, he could not in 1903 defeat the plaintiff's claim by saying it was unsatisfactory." The error in this lies in the fact that the jury might have found from the evidence that the defendant had discovered defects which justified him in deciding in 1903 that the work and material was unsatisfactory. This question ought to have been submitted to the jury, upon all of the evidence, to determine whether or not the defendant was justified in deciding against the plaintiff's claim in 1903, even if his actions and words previously indicated that the job was satisfactory.

This disposes of all of the assignments of error, except the fourteenth, which is as follows : " If the plaintiff had the right to rescind the contract he became entitled to receive from Gardner any profit which he would have made in carrying out the remainder of the contract." This point was affirmed, and in this we think the court erred. The plaintiff's declaration and testimony, and several of his points, clearly indicate that he elected to rescind the contract. In that case he was entitled to recover on a quantum meruit. In this case the election was to rescind the contract and sue in assumpsit to recover what was justly due the plaintiff. Having elected to consider the contract at an end, exact justice would have been done by permitting a recovery for the value of the work and material furnished: Am. Life Ins. Co. v. McAden, 109 Pa. 399.

In U. S. v. Behan, 110 U. S. 338 (4 Sup. Ct. Repr. 81), it is said (p. 345) : "When a party injured by the stoppage of a contract elects to rescind it, then, it is true, he cannot recover any damages for a breach of the contract, either for outlay or

loss of profits; he recovers the value of his services actually performed as upon a quantum meruit.    There is then no question of losses or profits." In Bishop on Contracts, sec. 827, it is said: "Where a contract requires successive steps to be taken by the respective parties, if, when a step becomes due, the party, either in words or by their equivalents in acts declines to take it, or is unable, while the other is ready and willing to do his part, the latter may rescind the' contract; or, if he chooses, he can sue for the breach.    He cannot do both."

The plaintiff's fifth, twelfth, fourteenth and fifteenth points are all framed upon the theory that he had rescinded his contract, and he states in his declaration that he notified the defendant that his refusal to pay had forced him (plaintiff) to consider the contract at an end.    In Wilkinson v. Ferree, 24 Pa. 190, Mr. Justice BLACK said: "When suit is brought on a contract in affirmance of it, the verdict should make the plaintiff whole; that is, put him in as good a condition as if the contract had been performed . . . . but all these rules apply only to cases where suit is brought on the contract.    When the party injured has a right to treat it as rescinded and sue in disaffirmance of it, he may recover back his purchase money, or so much of it as he had paid."

Under the pleadings and evidence we think the court ought to have refused the fifteenth point of the plaintiff, and, therefore, the fourteenth assignment of error is sustained.    This disposes of all of the assignments of error and the number of them lacking in merit corresponds closely with the number of unnecessary points presented by the plaintiff.

The first, ninth, fourteenth and seventeenth assignments are sustained and the judgment is reversed with a. v. f. d. n.