Opinion by
Orlad y, J.,
After an inspection of the premises, as testified to by the plaintiff, he entered into an agreement with the defendant to do certain work in the nature of general repairs to the plumbing and hot water service, at his residence in Germantown, using certain old material, with the understanding that the work should be done to the satisfaction of the defendant; in the language of the defendant the plaintiff stated, “I will do you a good job, a first class job to your entire satisfaction, and will use what pipe is fit to be used.” There does not seem to be any contention as to this phase of the controversy, but it was urged on the trial in the court below that even if the work were perfect in every way, the contract stated that it should be done to the satisfaction and approval of Mr. Jenkins, who thus had the distinct right to express his dissatisfaction, and to refuse to pay for the work should it not meet his approval. The court in its charge to the jury stated: “It is true there are cases where this principle applies, as where a reaper may be sold, or a mowing machine, or an elevator constructed, where something has been sold or constructed with the agreement that it must be to the satisfaction and approval of the purchaser. In such cases our courts have held that it must be to the satisfaction and approval of the purchaser, and that the mere fact that, for instance, the mowing machine or reaper being too heavy, although it does its work properly, entitled the purchaser to return it because he is not satisfied with it. It cannot be contended, under the cases, however, that that rule applies to a case of this kind, where work has been done in a proper and workmanlike manner, and proper materials furnished. This labor and material cannot be returned like a reaper or a mowing machine, and where the claim is <3f this character, and the work is perfect, it cannot be left simply to the caprice of the person for whom the work has been done and the material furnished, so that he may simply say I am not satisfied. I think it will appeal to the common sense of any one of us that if the work was perfect, the man should be satisfied with it, and that for him to say, under such circumstances, that it was not satisfactory would be mere caprice, and the *291 cases are very clear, indeed, to the effect that mere caprice is no ground for expressing dissatisfaction.” At the conclusion of the work, the defendant objected to its character, and called the plaintiff’s attention to certain defects, such as a leak under the bottom of the boiler; the tank in the bath room was not set plumb with the pipes; the water was discolored by reason of rust or scale in some part of the construction; certain fittings were misplaced; the water-closet was defective; and that after the work was fully completed the board of health authorities of the city had required that there should be a change in the construction, and that it had not met their approval until some months after suit had been brought to recover on the claim, whether this was in fact as testified to by the defendant was for the jury.
Under the undisputed testimony in the case a quotation from Singerly v. Thayer, 108 Pa. 291, is pertinent: "Satisfactory to whom? Certainly not to the maker only. Was it to be satisfactory to the person for whom it was to be made and by whom it was to be used? The learned judge thought this was not a necessary requirement; but if it Was built in a workmanlike manner and performed its intended purpose in a manner which ought to be satisfactory to the plaintiff in error, that was sufficient, In other words, it may have been wholly unsatisfactory to him, yet if the jury thought he ought to have been satisfied, he was bound to accept it. In effect that is, it need not have operated to his satisfaction in any respect, but to the satisfaction of the jury which might be called to pass on the rights of the parties.” It is true that the construction involved in that case was an elevator in a building, but, under the authorities, there is no distinction between such an addition, and improvements of the character mentioned in this case. The objection must not be made from mere caprice, and without reason for the mere purpose of avoiding liability, but when the plaintiff agreed that he was to do the work to the satisfaction of the defendant, and that he was not to be paid for it until it was satisfactory to him, he submitted that question to the defendant’s judgment: Howard v. Smedley, 140 Pa. 81. He did not agree to accept *292 what might be satisfactory to others, but what would be satisfactory to himself; no other person could intelligently determine whether in every respect he was satisfied therewith: Adams Radiator & Boiler Works v. Schnader, 155 Pa. 394; Dyeing Machine Company v. Knitting Mills, 19 Pa. Superior Ct. 501; Meacham v. Gardner, 27 Pa. Superior Ct. 296. We are required to follow these cases. There is no middle ground. The contract was, to do the work in a workmanlike manner, with the materials designated, both work and labor to be done to the satisfaction and approval of the defendant. This was agreed to after the plaintiff had made an inspection of the premises, and had selected such of the old material as in his judgment was proper for use in the reconstructed work. The undisputed defects and objections to the character of the work as abové stated, reheve the defendant of making a mere capricious and unwarranted objection, and the court should have submitted that question to the jury. In many of the cases the subject-matter of the contract was not a separate and completed item, such as a reaper or a piece of machinery, but included elevators, furniture, machinery connected with, and integral parts of associated structures; and the rule has been rigidly held that where the terms of the contract are explicit they must be literally followed. The work involved in this case affected not only matters of household convenience, such as improvements in the kitchen, but the health of the family, which would be endangered by bad sewage connections. The plaintiff's right to recover depended upon the situation at the time he made his demand for payment, subsequent to which the public authorities condemned a part of the work. It is true that this part was remedied, but the other parts remained unchanged, and the legal interpretation of the contract is, that the defendant was to be satisfied with the work as completed, and not the plaintiff, the plumber, or other witnesses. Not the jury, as was held in Adams Radiator & Boiler Works v. Schnader, 155 Pa. 394. The only point submitted was by the defendant, who asked for binding instructions to return a verdict in his favor, and while the proof of a suggested compromise should not have been received, *293 had objection. been made, the fact that the defendant offered to pay a part of the claim was so presented in the charge of the court to the jury, as to obscure the real question involved under the pleadings, namely, whether the work was so done, in compliance with the terms of the contract between the parties, that the jury could find the objection made by the defendant to have been a mere capricious, frivolous and unreasonable one. The case was fairly for the jury under proper instructions, but the defendant was held to an improper application of the principle announced in Singerly v. Thayer, and like cases.
The first assignment of error is sustained, the judgment is reversed with a venire facias de novo.