## Stuart & Peterson Company *v.* Newton, Appellant.

*Contract—Goods satisfactory to purchaser—Rejection of goods—Sale—Case for jury.*

1. Where the purchaser of a new and untried saloon bar stipulates that he shall not be required to pay for it unless the bar is satisfactory to himself, and subsequently and while the bar is being installed the purchaser notifies the seller that it is not satisfactory because it is not a practical bar for hotels and saloons and subsequently requests the seller to remove the material of which it had been built because the old bar had been reinstalled, the question of the right of the purchaser to reject the bar is one for the jury.

2. If in such a case, the purchaser without caprice and for a bona fide reason is dissatisfied with the bar, he has a right to reject it, and is released from liability to pay for it, although it may have been a good bar of the kind and of first class construction in all particulars.

Argued Dec. 11, 1912.    Appeal, No. 31, Oct. T., 1912, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1910, No. 1,446, on verdict for plaintiff in case of Stuart & Peterson Company v. Mahlon W. Newton. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and PORTER, JJ.    Reversed.

Assumpsit for goods sold and delivered.    Before BARRATT, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $425.    Defendant appealed.

*Errors assigned* were (2–4) instructions set forth in the opinion of the Superior Court.

*C. S. Wesley,* of *Tustin & Wesley,* for appellant.—The sale of an article on trial is a sale on condition of approval by the vendee.    The condition is precedent and title does not pass until the option is determined, and where a party has the right, on account of the failure of a con-

dition precedent, to refuse to take the property left in his possession under such contract, it is not necessary that he should redeliver the property in order to exercise his right after he has given notice to the vendor to come and take the property: Rohn v. Dennis, 109 Pa. 504; Krum v. Mersher, 116 Pa. 17; Singerly v. Thayer, 108 Pa. 291; Adams Radiator & Boiler Works v. Schnader, 155 Pa. 394; Howard v. Smedley, 140 Pa. 81.

*Percival H. Granger,* with him *J. Howard Reber,* for appellee.

OPINION BY MORRISON, J., December 9, 1912:

This was an action of assumpsit brought for the recovery of the alleged value of an enameled iron bar constructed and delivered by the plaintiff, Stuart & Peterson Company, to the defendant, Mahlon W. Newton, at Green's Hotel, Philadelphia, in July, 1909. John J. Kearns was relied on by the plaintiff to prove their entire case in chief and he, in substance, testified that the contract for the construction and delivery of the bar was made by him, representing the plaintiff corporation, and the defendant about eight months prior to the delivery of the bar and that no price was agreed upon but that the amount claimed in this suit, to wit, $891.30, was a reasonable and fair price for the bar; that during the construction of the bar the defendant called and inspected it at two different times and that he was satisfied with it, and directed that it be completed and placed in his hotel. However, this witness in his cross-examination admitted that the bar was to be satisfactory to the defendant. The plaintiff having made a prima facie case upon the testimony of this witness, who we understand was president of the plaintiff corporation, rested its case.

The defendant denied that he made any contract with John J. Kearns in regard to the bar; but he did admit that he did agree with Peter Kearns, then president of the plaintiff corporation, that the plaintiff might con-

struct and place one of its enamel bars, which were then new and not in general use, in defendant's hotel, and that Peter Kearns said: "Mr. Newton, it will be the greatest advertisement I could get, and I beg the favor from you, and I assure you it won't cost you one dollar's expense. I will pay all the expense of taking the old bar out and putting the new one in, and if the bar isn't entirely satisfactory to you, I will take the new bar out and put your old one back without any expense to you." It was conceded that Peter Kearns had died before the trial of this case in the court below. The defendant then testified that the bar proved unsatisfactory to him, and he detailed several defects and reasons why he was not satisfied with the bar and why he refused to retain and pay for it. The bar was not installed until July, 1909, and the plaintiff showed that on August 26, 1909, he mailed a letter to the plaintiff company in which he stated: "I must say, that I am afraid we will not be able to use the Sanitary Bar placed in Green's Hotel by your company." On October 9, 1909, the defendant mailed to Mr. J. J. Kearns, Burlington, N. J., a letter which contained the following: "I find that it will not be practical for us to keep the bar you put in for us. I am having my old bar fixed up to be put back. I am very sorry that we are not able to keep this bar, as it is your new enterprise. I think, however, you would have to make many changes in it to make it a practical bar for hotels and saloons." On November 15, 1909, the defendant wrote to Mr. Kearns, care of Stuart & Peterson Company, Burlington, N. J.: "Dear Mr. Kearns: I received your letter some time ago, in answer to my letter on the removal of the bar and fixtures, which you put in at Green's Hotel. No one regrets the removal of these fixtures worse than I do, but I find that it will be impossible for us to keep them. If you will let me know what disposition to make of them, when they are taken out, I will be very much obliged."

The president of the plaintiff corporation admitted the

receipt of these letters, but he sought to break the force
of them by testifying and contending that no demand was
made upon the plaintiff to remove the bar on the ground
that it was not satisfactory. When we remember that
the defendant began to warn the plaintiff within a month
after the installation of the bar that it was not satisfactory
and that he repeated this notice in October and November
following, it does not seem to us that there is much force
in the contention that the defendant made no demand
upon the plaintiff to remove the bar from his hotel,
because if the defendant's version of the contract was
found to be correct by the jury, it became the duty of the
plaintiff, on notification of the defendant's dissatisfaction,
to remove the bar without expense to the defendant.

The first assignment of error complains of the refusal of
the court to grant defendant's motion for judgment on the
whole record non obstante veredicto. This assignment
cannot be sustained for the reason that the terms of the
contract were in dispute and when the trial was closed
the jury might have found in favor of the plaintiff, and,
therefore, the first assignment is overruled.

The second assignment complains of the affirmance of
the plaintiff's third point, which point and answer thereto
are as follows: "Even if you believe from the evidence
that the sale in this case was on trial and that the bar
was to be satisfactory to the defendant, nevertheless he
cannot refuse to pay the contract price therefor if he
rejected it from a mere caprice or without a bona fide
reason. This is particularly true where the buyer retains
and uses the article for a long period of time, as in the
present case. *Answer:* I affirm that point. I have already
so instructed you in my general charge."

There can be no doubt about the correctness of this
point as to its first sentence, but we consider the second
sentence wrong and it was erroneous to affirm the entire
point as drawn. This for the reason that if the jury had
found that the bar must be satisfactory to the defendant
and that he gave the three notices above referred to that

the bar was not satisfactory, then it was placing an improper burden upon the defendant to instruct the jury that "This is particularly true where the buyer retains and uses the article for a long period of time as in the present case." The second assignment of error is sustained.

The third assignment of error must be sustained on account of the instruction contained in the last sentence thereof, to wit: "If, however, you believe that it was not first class in all reasonable particulars, or not first class in its main particulars, and not such a bar as was contemplated by the agreement made between the defendant and whichever one of the Kearns you may choose as representing the plaintiff company, then the plaintiff is not entitled to recover anything, and it will have to accept the bar as it has been returned to it." It seems to us that the jury may have understood from this language that if the bar was first class in all its particulars and was according to the agreement made between the defendant and the representative of the plaintiff, then the defendant would be liable to pay a reasonable price for the bar. This doctrine loses sight of the proposition that the bar was to be satisfactory to the defendant; that it was a comparatively new and untried bar and if the defendant, on trial, without caprice and for a bona fide reason, was dissatisfied with it, then he had the right to reject it and was released from liability to pay for it although it might have been a good bar of the kind and of first-class construction in all particulars: Singerly v. Thayer, 108 Pa. 291. The third assignment is sustained.

The fourth assignment complains that the court erred in refusing to give a binding instruction for the defendant. This assignment is not sustained because the contract was in dispute and upon one theory of the case the plaintiff might recover. If the jury had found that the bar was constructed according to contract; that it was inspected by the defendant and accepted by him and that it was in fact satisfactory and that he capriciously and without

a bona fide reason rejected it on the ground of dissatisfaction, then the plaintiff might have recovered.

In Thaler Brothers v. Greisser Construction Company, 229 Pa. 512, the rule in this class of cases is clearly stated and numerous authorities cited in the opinion of the Supreme Court by Mr. Justice MOSCHZISKER (see p. 517, etc.): "In Pennsylvania two classes of cases involving contracts requiring satisfactory performance have given rise to two lines of decisions, the first of which is most aptly illustrated by Singerly v. Thayer, 108 Pa. 291, and the other by Payne v. Roberts, 214 Pa. 568. The former of these cases lays down the rule to be applied where the work or material is to be satisfactory to the party acquiring it, and the latter where it must be satisfactory to a third party designated as arbiter. Under the first rule the question for determination is not as to whether or not the one complaining ought to be satisfied, but solely as to the good faith of the dissatisfaction alleged. 'To justify a refusal to accept . . . . on the ground that it is not satisfactory, the objection should be made in good faith. It must not be merely capricious:' Singerly v. Thayer, 108 Pa. 291; followed in Krum v. Mersher, 116 Pa. 17; Seeley v. Welles, 120 Pa. 69; Sidney School Furn. Co. v. Warsaw School District, 130 Pa. 76; Howard v. Smedley, 140 Pa. 81; Adams Radiator & Boiler Works v. Schnader, 155 Pa. 394."

The judgment is reversed with a venire facias de novo.