# Lord Company, Appellant, *v.* The Industrial Dyeing and Finishing Works.

*Contracts—Construction—Agreement that work shall be "satisfactory."*

1. A term of a contract providing that work done shall be "satisfactory" does not necessarily mean satisfactory to the other party, but may mean that it must conform to the usual standards of such work.

2. Where plaintiff erected a water softening plant for defendant under a contract providing that plaintiff would "furnish such chemicals as shall be required for a thorough and satisfactory treatment of this well water," and which contained specifications for the erection of such plant, the word "satisfactory" so used is not to be construed to mean satisfactory to the defendant, but merely that the plant erected should conform to the usual standards of such plants, and the lower court in an action on the contract, in which the plaintiff recovered a verdict, erred in entering judgment for defendant n. o. v.

Singerly v. Thayer, 108 Pa. 291, distinguished.

Argued Jan. 3, 1916. Appeal, No. 147, Jan. T., 1915, by plaintiff, from judgment of C. P. No. 1, Philadelphia Co., June T., 1912, No. 767, for defendant n. o. v., in case of George W. Lord Company, a Corporation, v. The In-

dustrial Dyeing and Finishing Works, a Corporation. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, FRAZER and WALLING, JJ.   Reversed.

Assumpsit for amount due under a written contract. Before BREGY, P. J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $4,135.54; the court subsequently entered judgment for defendant n. o. v.   Plaintiff appealed.

. *Error assigned* was the entry of judgment for defendant n. o. v.

*Bertram D. Rearick,* with him *Bernard A. Illoway,* for appellant.

*Joseph R. Embery,* for appellee.

OPINION BY MR. JUSTICE FRAZER, March 6, 1916:

Defendant is engaged in the business of dyeing and finishing various kinds of goods, in the process of which considerable soft water, free from certain chemical qualities, is required.   An artesian well, located on its premises, provides a more than ordinary volume of water which is not soft and contains ingredients which are injurious to the fabrics if used for dyeing purposes. Plaintiff owned and controlled a certain chemical process for the treatment of water, and entered into a contract with defendant to erect a water softening plant for the treatment of the water from defendant's well by the former's chemical process, guaranteeing to produce water to correspond with a certain chemical analysis, and also that changing the quality of the water from hard to soft would not require chemicals in excess of a specified amount to bring a stipulated quantity up to the standard of water furnished by the City of Philadelphia, which was soft and suitable for defendant's

purposes. After several tests had been made, following the completion of the plant, defendant expressed dissatisfaction with its working and the results obtained, and refused to comply with plaintiff's demand for payment of the contract price. This action was then instituted to recover the amount stipulated in the contract, and at the trial the various questions in dispute between the parties, as to which the evidence was quite conflicting, concerning the mechanical operation of the device, as well as the effect of the treatment of the water, were left to the jury by the trial judge. A verdict was rendered for plaintiff, and the court below subsequently entered judgment for defendant non obstante veredicto on the ground that the contract required the plant to be satisfactory to defendant, and as it was not satisfied with the results produced there could be no recovery. Plaintiff appealed, and the single assignment of error is to the action of the court in entering judgment for defendant n. o. v.

The clause in the contract which led the court below to enter judgment for defendant is as follows: "The contractor further agrees to furnish such chemicals as shall be required for a thorough and satisfactory treatment of this well water, and guarantees that the chemicals furnished will purify the water so as to make it equal to, or better than, Philadelphia city water." The court was of opinion that the word "satisfactory" as used in this clause requires the work to be performed in a manner satisfactory to defendant, and brings the case within the principle of Singerly v. Thayer, 108 Pa. 291, and other cases, to the effect that an agreement, which provides that one party shall be satisfied with the work to be done thereunder before payment is required to be made, is binding and enforceable.

The present case is distinguishable from those above referred to. We do not construe the language of the contract now before us to signify that the work should be done to the satisfaction of defendant, but in such

manner as to conform to certain standards, the principal requirement being that the water after treatment should correspond with a specified chemical test. There is nothing in the language to indicate that if the plant did the work as stipulated, defendant should still retain the option of refusing payment to the contractor by alleging dissatisfaction with either the appliance or the results produced. The word "satisfactory" qualifies "treatment." The standard of result of treatment, and therefore the criterion of satisfaction, is whether the treatment of water meets certain specifications, viz: that when treated it be "equal to, or better than, Philadelphia city water"; that it correspond with a certain stipulated chemical analysis; that not more than one pound of chemicals for each thousand gallons of water to be treated would be required; and, possibly, that the mechanical part of the plant conforms to certain requirements. Upon the installation of a system possessing those characteristics, defendant agreed to pay the purchase-price without further conditions or contingencies. To hold that the words "thorough and satisfactory" treatment should mean anything more than that such treatment should result under the guarantees contained in the contract in giving water of the required standard of purity would necessarily require a strained construction of the provisions of the agreement, and practically render ineffective all details and specifications set forth in the contract, and substitute in their stead a performance satisfactory to defendant alone. This cannot be done without a clear expression of such intent, and no such intent appears here.

The judgment is reversed, and the record remitted with leave to plaintiff to move for entry of judgment on the verdict.