## Meyer v. S. R. Moss Co., Appellant.

*Contract—Sale—Written contract—Evidence.*

In an action to recover the price of a cigar humidor which the plaintiff had agreed to install under a contract in writing "the material and work to be first-class in every respect, and the humidor to give perfect results," a verdict and judgment for the plaintiff will be sustained where the evidence for the plaintiff shows that the work and materials were of good quality, and that with proper attention the humidor would keep cigars in good condition, while the evidence for the defendant tends to show that the humidor did not produce perfect results inasmuch as it was sometimes too moist, and other times excessively dry. In such a case it is proper to permit witnesses for the plaintiff to testify as to the construction of the humidor, and although not ever having operated the one in question, to testify that if proper attention were given to one of its design and construction, perfect results would follow.

*Practice, C. P.—Trial—Improper remarks of counsel—Discretion.*

The appellate court will not review the discretion of the trial court in refusing to withdraw a juror because of improper remarks of counsel, where the defendants, while not claiming there was anything inherently vicious in the remarks maintained, they became so by reason of their relation to some extraneous matter not appearing on the record, but the judge finds that there was no relation between the remarks and the extraneous matter.

Argued Nov. 14, 1916. Appeal, No. 34, Oct. T., 1916, by defendant, from judgment of C. P. Lancaster Co., Sept. T., 1914, No. 25, on verdict for plaintiff in case of

William F. Meyer and David F. Woodoth, trading as William Meyer Company, Limited, v. S. R. Moss Company. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover the cost of a humidor. Before HASSLER, J.

The facts are stated in the Superior Court.

Verdict and judgment for plaintiff for $1,402.70. Defendant appealed.

*Error assigned* was in refusing defendant's motion for judgment n. o. v.

*William H. Keller,* with him *John A. Coyle,* for appellant.—The case comes practically within the rule laid down in the case of Singerly v. Thayer, 108 Pa. 291, which has uniformly been followed by the courts of this State: Meacham v. Gardner, 27 Pa. Superior Ct. 296; Delahunty Dyeing Machine Co. v. Penn'a Knitting Mills, 19 Pa. Superior Ct. 501; Adams Radiator & Boiler Works v. Schnader, 155 Pa. 394; Howard v. Smedley, 140 Pa. 81; Stutz v. Loyalhanna Coal & Coke Co., 131 Pa. 267; Seeley v. Welles, 120 Pa. 69; Sidney School Furniture Co. v. Warsaw School District, 130 Pa. 76; Woodoleum Flooring Co. v. Kayser, 45 Pa. Superior Ct. 372; Stuart v. Newton, 52 Pa. Superior Ct. 158; Birch v. Andrew's Mills Co., 52 Pa. Superior Ct. 193.

The remarks of counsel were improper: Holden v. Penna. R. R. Co., 169 Pa. 1; Saxton v. Pittsburgh Rys. Co., 219 Pa. 492; Connelly v. Pittsburgh Rys. Co., 230 Pa. 366; Becker v. Philadelphia Rapid Transit Co., 245 Pa. 462; Com. v. Swartz, 37 Pa. Superior Ct. 507; Brown v. Sunbury, Etc., Electric St. Ry. Co., 43 Pa. Superior Ct. 61; Freeman v. Wilkes-Barre, Etc., Traction Co., 36 Pa. Superior Ct. 166; Curran v. Lorch, 243 Pa. 247.

*John E. Malone,* for appellees, cited: Singerly v. Thayer, 108 Pa. 291; McNally v. Jenkinson, 35 Pa. Superior Ct. 288.

OPINION BY TREXLER, J., March 13, 1917:

The plaintiff contracted in writing with the defendant to install and equip a humidor. "The material and work to be first class in every respect and the humidor to give perfect results." At the trial the only question submitted to the jury was whether the plaintiff had "performed all that was required of him in the contract, viz: That the work and material was first class in all respects and that the humidor itself gave perfect results." There was testimony at the trial that it had been properly erected, that the materials were of good quality and were such as were usually employed for such purpose and that with proper attention the humidor would keep the cigars that were placed in it in good condition. The defendant did not attempt to show that the humidor was of faulty design or improperly put together. They claimed it did not produce perfect results; that it was sometimes too moist and other times excessively dry and that thus their stock of cigars was injuriously affected. The plaintiff answered that the humidor would not produce perfect results automatically; that it was so constructed that the cigars could be kept in a certain state of humidity if the man in charge of it gave it proper attention; that the degree of dampness in the humidor could be controlled at will but that attention was essential to its proper use. These conflicting positions required a submission to the jury to determine whether the contract had been properly carried out. The court could not say as a matter of law the plaintiff could not recover. Appellant seeks to find a parallel case in Singerly v. Thayer, 108 Pa. 291, and that, whatever the proof, the defendant could reject the humidor if he was not satisfied, even if there were no ground for the objections provided they were made in good faith. The court affirmed a point to

this effect submitted by the defendant with the qualification that the objections must be "bona fide and substantial and not fanciful or for mere caprice." If we adopt the position which the court conceded that the contract warranted the defendant to reject the humidor if not satisfactory to him, we find that the above answer to defendant's point submitted the question in the manner laid down in a number of our decisions. The question whether the objections of the defendant were bona fide was for the jury: Stuart, et al., v. Newton, 52 Pa. Superior Ct. 158, and cases therein cited. This disposes of the first and second assignments.

The assignments 3, 4, 5 and 6 relate to testimony which the court permitted the plaintiffs to introduce by way of proving that they had complied with their contract in the building of the humidor and that it gave perfect results. We find no error in its admission. The witnesses testified as to its construction and although they never operated this particular humidor they testified that if proper attention were given to one of this design and construction perfect results would follow. The testimony was not very strong but it had some proper probative value and its admission did not constitute error.

Assignments 7 and 8 are directed to the refusal of the court below to permit defendant to show the verbal complaints made by defendant's officers and employees to a member of the plaintiff's firm. The exclusion of this testimony did not constitute reversible error. The written complaints which were made as to the working of the humidor were allowed to go in and whilst they might have properly been supplemented by the verbal complaints, the latter would not have added any material value to this branch of defendant's case. It was not denied that complaints had been made.

The last and ninth assignment is as to the refusal of the court to withdraw a juror by reason of remarks of plaintiff's counsel in addressing the jury. The words complained of are as follows: "A man can't amass

wealth that way. He can't erect buildings at the expense of his mechanics and keep the buildings without paying for their labor." As we understand defendant's argument, he does not claim that there is anything inherently vicious in these remarks but that they become so by reason of their relation to some extraneous matter not appearing on the record, some dispute the defendants had with materialmen by reason of which the rumor was unjustly circulated that they had erected their building and not paid the materialmen and mechanics. The court upon whose discretion we must necessarily rely in such a case found no relation between the remarks and these former difficulties. We cannot go outside the record in considering this matter and we are convinced that the court did not do wrong in refusing a new trial on this ground. This humidor had been erected almost two years previous to the trial, had been used by defendants and it was a legitimate argument to be employed by counsel for the plaintiff to state that a man cannot put such a fixture in his building and keep it without paying for it. That he used the word "building" did not in the opinion of the lower court, change the meaning of the language employed.

All the assignments of error are overruled and the judgment is affirmed.