# Standard Construction Co. v. Quaker City Cracker Co., Appellant.

*Contracts—Building contracts—Performance to satisfaction of owner—Substantial compliance.*

Where a party to a building contract has acted honestly with intent to fulfil his agreement and has fulfilled it substantially, but has failed in some comparatively slight particulars, the other party cannot hold and enjoy the fruits of his labor without paying a fair compensation according to the contract, receiving credit for whatever loss or damage he has suffered, by reason of the failure to comply with the strict terms of the agreement.

*Mechanics' liens—Act of June 1, 1901, P. L. 431, section 36—Minor defects as a defense.*

Under the provisions of section 36 of the Act of June 4, 1901, P. L. 431, which provides that "minor defects or a failure to complete in minor particulars shall operate as a defense only to the extent necessary to repair or complete the work," a defendant, in the trial of a scire facias sur mechanics' lien, filed for the recovery of the balance due on a building contract, cannot escape entire payment by alleging minor defects in the construction of the

building. He must pay in accordance with the terms of the contract, receiving credit for the loss occasioned by the defects.

Argued October 30, 1919.   Appeal, No. 235, Oct. T., 1919, by defendant, from judgment of C. P. No. 4, Phila. Co., Dec. T., 1917, No. 1210; M. L. D., on verdict for plaintiff in the case of Max Haupt and Edwin Bowden, Copartners, trading as Standard Construction Company, v. Clinton C. Richardson, Charles Orcutt and Henry J. Scott, Trading as Quaker City Cracker Company.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER and KELLER, JJ.   Affirmed.

Scire facias sur mechanics' lien.   Before AUDENRIED, P. J:

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $238.57 and judgment thereon.   Plaintiff appealed.

The court charged in part as follows:

[We have in this case simply to deal with the question as to whether or not the plaintiffs performed what they undertook to perform according to the terms of their contract, and, if they did, then your verdict must be in their favor.   If they did not, then, if it would cost the defendants more to finish the job in the way in which they were entitled to receive it from the plaintiffs than this balance of $304.75, your verdict must be in favor of the defendants.   If, however, it would not cost the defendants so much to complete the work to their satisfaction in accordance with the contract, then your verdict should be in favor of the plaintiffs for the difference between whatever it would cost to make the work right and complete it according to the contract, and this sum of $304.75.]

*    *    *    *    *    *    *    *    *

[If you think, however, that the plaintiffs fell short of performance, then their claim is subject to a de-

duction of whatever amount would have to be expended by the defendants to make the plaintiffs' work come up to the requirements of the contract. It has been testified that $100 has already been spent upon the south wall to remedy the defects in that wall and make it as good as the plaintiffs should have left it when they said that their job was finished. It has been testified that to put the other walls of the building in the condition in which they ought to be placed so as to make them accord with the contract, would involve an expenditure of from $2,000 to $2,500. Whether that is true or not you gentlemen will have to say. If the sum which would be required to make the plaintiffs' work what it should be exceeds the sum of $304.75, your verdict must in that case be for the defendants. If the work was perfectly performed, and the defendants' dissatisfaction with it is only feigned and not genuine, then your verdict ought to be in the plaintiffs' favor for that sum, with interest from the date when the money should have been paid to them. If the work was not properly performed in accordance with the contract, but it would not have cost $304.75 to bring it up to the proper mark or standard, then your verdict should be in favor of the plaintiffs for the difference between whatever it would cost to make their work right and this sum of $304.75, with interest on the difference. That is the case, gentlemen.]

*Errors assigned,* among others, were the charge of the court (1 and 2) and refusal to direct a verdict in favor of the defendant.

*Henry J. Scott,* and with him *Albert T. Hanby,* for appellant.—The failure of the plaintiffs to comply with the requirements of the contract relieved defendant from all liability: Singerly v. Thayer, 108 Pa. 291; Hyatt v. Johnston, 91 Pa. 196; Raby v. Cell, 85 Pa. 80; Dean v. Fuller, 40 Pa. 479; Kittanning Borough v. Gas Company 26 Pa. Superior Ct. 355.

*J. Quincy Hunsicker,* and with him *John Mahan Thissell,* for appellee, cited: Crawford & Moyes v. McKinney, 165 Pa. 605; Pepper v. Phila., 114 Pa. 96; Snedaker v. Torpey, 41 Pa. Superior Ct. 312; Section 36 of the Act of Assembly, approved June 4, 1901, P. L. 431.

OPINION BY HENDERSON, J., February 28, 1920:

The plaintiffs' action is a scire facias on a mechanic's lien filed for the recovery of a balance due on a contract in writing for the erection of a one-story brick building intended to be used as a bakery. A cellar with corresponding walls was a part of the construction. The builders agreed to perform the work in a good and workmanlike manner according to the plans and specifications "to the satisfaction of the said owner." The contract price to be paid for the building was $8,800. All of this was paid by the defendants except $304.75, which sum was withheld because as they alleged the cellar wall was defectively constructed and was not satisfactory to them. The deficiencies complained of were that the wall was in places not eighteen inches in thickness; that the stones were not laid "on their bed" as provided in the contract; that an insufficient quantity of mortar was used and that water flowed through the wall into the cellar. Evidence was offered supporting the contention of the defendants and contradicting evidence was introduced by the plaintiffs. There was an issue of fact as to the thickness of the wall and the manner in which the stones were laid. It was contended by the plaintiffs that they were not required to construct a wall impervious to water and this position is supported by the fact that no provision with respect thereto is made in the contract or the accompanying specifications. The learned trial judge instructed the jury that the defendants had a right under their contract to say to the plaintiffs "before you are entitled to receive all the money which your contract calls for, you must complete the work according to the speci-

fications in such a manner as will satisfy us," and in the same connection the jurors were told that the dissatisfaction of the defendants must be honest and not capricious; that the plaintiffs were not required to show that the work had been done so completely and so perfectly that even a dishonest man anxious to escape paying for it would have to say that he was satisfied. Of this instruction no complaint is made. The errors alleged relate to the portions of the charge in which after directing attention to the dissatisfaction which must be shown and the right of the plaintiffs to recover if the jury should find that the dissatisfaction lacked genuineness and sincerity, the jury was instructed that if they found the plaintiffs fell short of performance, then their claim was subject to the deduction of whatever amount would have to be expended by the defendants to make the work come up to the requirements of the contract. The doctrine of substantial performance was thus applied, and it is of this the appellants complain. They say that if the plaintiffs made default in their contract, they are not entitled to anything; that the only question involved is the good faith of the defendants' dissatisfaction. The inquiry is, therefore, whether in the case of a contract for the erection of a building to be performed to the satisfaction of the owner, where it appears that there was a failure of performance in some minor respects, the owner may take possession of and occupy the premises, and decline to pay the contract price irrespective of the proportion which the defective performance may bear to the balance payable on the contract? The principle is well established that where a party has acted honestly with intent to fulfil his contract and has fulfilled it substantially, but has failed in some comparatively slight particulars, the other party cannot hold and enjoy the fruits of his labor without paying a fair compensation according to the contract, receiving credit for whatever loss or damage he has suffered: Pepper v. Philadelphia, 114 Pa. 96; Holmes v. Oil Co., 138 Pa.

546; Filbert v. Philadelphia, 181 Pa. 530; Snedaker v. Torpey, 41 Pa. Superior Ct. 312. This principle the learned trial judge applied in this case. It is objected to this conclusion that the doctrine of Singerly v. Thayer, 108 Pa. 291; Thaler v. Greisser, 229 Pa. 512; Lord v. Industrial D. & F. Works, 252 Pa. 421, and other cases relieves the defendants from liability where it appears that there was any shortcoming on the part of the plaintiffs in the execution of the contract. All the cases referred to, except Meacham v. Gardner, 27 Pa. Superior Ct. 296, related to the sale of machinery or appliances alleged to be adapted to and efficient in the performance of certain business conducted by the purchaser, and the question was the right to refuse the machine or appliance because it did not operate to the satisfaction of the latter. Meacham v. Gardner arose out of a building contract, but there the contractor refused to proceed, and undertook to rescind the contract on the ground that payments were not made in accordance with its terms. There were two questions involved: (1) Did the plaintiff in good faith comply with his contract up to a certain stage of the work, and was he entitled to rescind on account of the default of the defendant, and to recover the full contract price for his work and material to that date? (2) Was the plaintiff entitled to recover the profits which he could have made by completing the work? It will be observed that there was an admission that the plaintiff had not performed the contract; what he stood on was the right to rescind on the alleged default by the owner. That is a very different question from the one which is now presented. There was an attempt of the plaintiffs to complete the contract; the building was erected; possession was given to the defendants who have since occupied and enlarged the building—they are now in the occupancy of the premises. Under such circumstances may not the contractors recover the balance due less the cost to the defendants of supplying any minor defects in the

work, if the contractors attempted in good faith to perform their contract? This question was decided in Crawford & Moyes v. McKinney, 165 Pa. 605. Two appeals were heard between the parties. The controversy arose out of a building contract which provided that the work should be done in strict compliance with the plans and specifications and to the satisfaction of the owner. The trial judge submitted to the jury the inquiry whether the contract had been substantially complied with and refused the defendants' point that there could be no recovery unless all work was done to the satisfaction of the owner. Of this action Chief Justice STERRIT says: "There is no merit in either of the specifications of error, nor do we discover in the record any error which would justify us in disturbing the judgment." It is evident from the verdict that the jury regarded the deficiency in the plaintiffs' contract as inconsiderable and the charge of the learned court was strictly in accord with the case above cited.

It is not to be overlooked moreover that the Act of June 4, 1901, P. L. 431, provides for cases of this character. The title is in part "defining the rights and liabilities of parties to and regulating the effect of contracts for work and labor to be done and labor or materials to be furnished to any building," etc. It is provided in section 36 that proof that the work in certain particulars was not in accordance with the contract shall defeat it pro tanto. "Minor defects or a failure to complete any minor particulars shall operate as a defense only to the extent necessary to repair or complete the work." This legislation incorporates the principle of substantial performance in the statute and apparently specifically applies to cases of the character of that which we are now considering. This proceeding as has been noticed is under the Act of 1901 and we think the section referred to applies to the lien against which the defense is made.

The assignments are overruled and the judgment affirmed.